**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MEREDITH LEE,

    Plaintiff,

v.                                                                Case No. 3:26-cv-603-TJC-SJH

WALMART STORES EAST LP,

    Defendant.

_____

**O R D E R**

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). On March 19, 2026, Defendant Walmart Stores East LP removed this case to federal court based on diversity jurisdiction. (Doc. 1). Under 28 U.S.C. § 1332(a), a district court's proper exercise of diversity jurisdiction requires that parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999).

The Notice of Removal states that the parties are citizens of different states: Plaintiff Meredith Lee is a citizen of Florida, and Defendant Walmart Stores East LP, through various related entities, is a citizen of Arkansas and Delaware. (Doc. 1 ¶¶ 5–12). The diversity of citizenship requirement is

therefore satisfied. Whether the amount in controversy requirement has been satisfied is less clear.

When a case is removed to federal court, it is the defendant's burden to demonstrate, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000, exclusive of interest and costs. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) (internal citation omitted). Here, the state court complaint does not allege an amount in controversy, except to state that Plaintiff's damages exceed $50,000.00, exclusive of costs and attorneys' fees, and to vaguely describe her injuries. (Doc. 3 at 1, 3). In support of Defendant's position regarding the amount in controversy, the Notice of Removal states that "Plaintiff's admission through her Response to Defendant's Request for Admissions is a clear and unambiguous statement that establishes that the amount in controversy exceeds $75,000." (Doc. 1 ¶ 11–14). Defendant points the Court to Exhibit A, but Defendant has not filed any attachments marked as such. Defendant did submit a document titled "Plaintiff's Initial Disclosures," but this document does not establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. (See Doc. 1-9 at 3) (vaguely describing Plaintiff's injuries).

On this limited record, the Court declines to assume that the amount in controversy is met without more support. The Court requires more information

2

before it can adequately determine that it has jurisdiction over the case. Accordingly, it is hereby

**ORDERED:**

No later than **April 15, 2026**, Defendant Walmart Stores East LP shall file a jurisdictional supplement addressing the issues identified in this Order. If Defendant chooses not to do so, the case will be remanded sua sponte.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of March, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record