**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MEREDITH LEE,

    Plaintiff,

v.

                                       Case No. 3:26-cv-603-TJC-SJH

WALMART STORES EAST LP,

    Defendant.

_____

## O R D E R

Under 28 U.S.C. § 1332(a), a district court's proper exercise of diversity jurisdiction requires that parties have complete diversity of citizenship and the amount in controversy exceed $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999). When a case is removed to federal court, it is the defendant's burden to demonstrate, by a preponderance of the evidence, that the amount in controversy satisfies the jurisdictional threshold. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) (internal citation omitted).

On March 19, 2026, Defendant Walmart Stores East LP removed this case to federal court based on diversity jurisdiction. (Doc. 1). A few days later, the Court entered an Order stating that the diversity of citizenship requirement was met, but Defendant had not carried its burden to prove the amount in

controversy by a preponderance of the evidence. (Doc. 8). The Court stated:

> In support of Defendant's position regarding the amount in controversy, the Notice of Removal states that "Plaintiff's admission through her Response to Defendant's Request for Admissions is a clear and unambiguous statement that establishes that the amount in controversy exceeds $75,000." (Doc. 1 ¶ 11–14). Defendant points the Court to Exhibit A, but Defendant has not filed any attachments marked as such. Defendant did submit a document titled "Plaintiff's Initial Disclosures," but this document does not establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. (See Doc. 1-9 at 3) (vaguely describing Plaintiff's injuries).

(Id. at 2). The Court permitted Defendant to file a jurisdictional supplement addressing these issues. On April 8, 2026, Defendant filed the correct document, but it is no more persuasive than the previously-filed document in establishing the amount in controversy. (See doc. 10-1 at 2) ("[Question 7:] Admit that the Plaintiff is alleging damages in excess of $75,000.00[.] Answer: Admit.").

That Plaintiff admitted her damages exceed the jurisdictional threshold deserves some weight. However, this one-word response to a request for admission alone does not satisfy Defendant's burden of proving the amount in controversy. See, e.g., McCanna v. Fresh Market, No. 2:26-cv-230-KCD-DNF, 2026 WL 309237, at *1 (M.D. Fla. Feb. 5, 2026) ("the fact that Plaintiff admitted her damages exceed $75,000 deserves some weight, but it's also not dispositive"); Kohrig v. Pavilion at HealthPark LLC, No. 2:25-cv-95-SPC-NPM, 2025 WL 1012333, at *1 (M.D. Fla. Apr. 4, 2025) (explaining that a response to

a request for admission alone "is insufficient to establish the amount in controversy").

Accordingly, it is hereby

**ORDERED:**

No later than **June 30, 2026**, Defendant Walmart Stores East LP shall file another jurisdictional supplement addressing the issues identified in this Order. If Defendant fails to carry its burden to establish the amount in controversy, the case will be remanded sua sponte.

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of June, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

3